MILLER, GORHAM & WALES, for appellant.

ANSEL M. LASLEY and FRANK A. LASLEY, for appellee.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

### Abstract of the Decision.

1. AUTOMOBILES AND GARAGES, § 2*—*when negligence of pedestrian is question for jury*. Where a pedestrian in crossing a street in a blinding rain storm looked up the intersecting street but failed to see a fast approaching automobile or to distinguish its lights from other street lights, the question of contributory negligence raised an issue for the jury, whose finding of the absence of such will not be disturbed.

2. AUTOMOBILES AND GARAGES, § 2*—*when failure of pedestrian to see approaching automobile does not constitute negligence*. A pedestrian's failure to see an automobile approaching in a blinding and tempestuous rain storm, with its lights difficult to distinguish from street lights, or even his failure to look at all, *held* not to constitute contributory negligence as a matter of law, under the circumstances of the instant case.

3. AUTOMOBILES AND GARAGES, § 2*—*when proof of unlawful speed constitutes prima facie case*. Under the Motor Vehicle Act of 1911, §§ 10, 17, J. & A. ¶¶ 10010, 10017, proof that a pedestrian was injured by defendant's automobile, on a public street in a residential portion of the city, while the automobile was being operated at a speed in excess of fifteen miles an hour, made out a prima facie case of negligence on the part of defendant.

---

### Stanislow Schneider by Otto Olson, Appellee, v. Otto Nowack, Appellant.

### Gen. No. 19,876.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. JOHN A. DOWDALL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed November 19, 1914. Rehearing denied and additional opinion filed December 31, 1914.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

### Statement of the Case.

Stanislow Schneider, suing by his next friend, Otto Olson, brought action against Otto Nowack, for personal injuries sustained by working in the latter's iron works. From a verdict and judgment for a certain sum in favor of the plaintiff, defendant appeals, assigning as error that the verdict is not supported by the evidence.

The evidence on behalf of plaintiff tended to prove that just before the accident he was called from his workbench by the foreman to assist in riveting a heavy angle iron, one end of which rested upon a riveting iron, or "dolly-bar," about three feet high, and the other end of which was held up by another workman; that plaintiff used a sledge hammer with which to do the riveting; that after he had hit the rivet once or twice the handle of the hammer broke; that thereupon the foreman ordered him to go under the angle iron to get another hammer lying about six feet away, and that while he was attempting to comply with this order, and was under the angle iron, it turned over and fell upon his left leg, breaking both bones above the ankle. The foreman flatly denied that he gave any such order to plaintiff, and testified that plaintiff crawled under the angle iron without any order or direction to do so, and himself caused the accident by striking against the angle iron with his back while crawling under it.

The only error assigned subject to review was whether the verdict was supported by a preponderance of the evidence. Defendant insisted there was no evidence to the effect that the foreman directed plaintiff to go under the angle iron, rather than around it, to get the hammer, but plaintiff made a positive statement to that effect, and his statement was corroborated, to some extent, at least, by the workman who was holding one end of the angle iron at the time it

fell.   There was also evidence that there was reason for haste because the rivet was hot and it was necessary to use the hammer before the rivet had time to cool.

LEOPOLD SALTIEL and MEYER ROSSEN, for appellant.

JAMES L. BYNUM, for appellee.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

## Abstract of the Decision.

1.   MASTER AND SERVANT, § 806*—*when giving of instruction containing abstract statement of risks assumed, not reversible error.* While an instruction purporting to state in abstract form what risks are assumed and what are not assumed by an employee is not in the approved form and of doubtful application to the facts of the case, it is *held* not to constitute reversible error since it could not have misled the jury.

2.   APPEAL AND ERROR, § 823*—*how objections to instructions are preserved.*   In order that an objection to an instruction may be available on appeal, the bill of exceptions should show that the instruction was objected to or that an exception to the action of the court in giving it was preserved in the trial court.

3.   MASTER AND SERVANT, § 216*—*liabiltiy for injury to servant acting under direction of foreman.*   Where the testimony tended to show that defendant's foreman directed an employee to go under an angle iron, rather than around it to get a hammer, and while attempting to do so it turned over and fell upon the employee's leg, breaking both bones above the ankle, the evidence is *held* sufficient to sustain a verdict against the defendant in favor of the employee for the injuries sustained.

4.   APPEAL AND ERROR, § 1161*—*when objections not preserved for rehearing.*   An objection to an instruction cannot be raised for the first time in a petition for a rehearing.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.